UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | CASE NO.:1:12-CR-2-TLS |
| | ) | |
| ANNA DECK | ) | |

**OPINION AND ORDER**

The Defendant, Anna Deck, has pled guilty to knowingly and intentionally possessing with intent to distribute methamphetamine on or about October 11, 2011. She is the only person who has been charged or convicted in relation to this offense. The Presentence Investigation Report (PSR) prepared for her sentencing grants her a 2-point mitigating role adjustment for being a minor participant in the criminal activity. The Defendant argues that she is entitled to a greater reduction because she was a minimal participant, and has filed a Memorandum in Support [ECF No. 31] of this position. In Response [ECF No. 35], the Government disagrees that the Defendant was a minimal participant due to her knowledge of the drug operation. The Government agrees instead with the assessment in the PSR that the Defendant is a minor participant. The Defendant filed a Reply [ECF NO. 37], asserting that she is the least culpable participant involved in this case.

The Guideline provision at issue, § 3B1.2, provides for a 2, 3, or 4-level reduction in the offense level if more than one participant was involved in the offense, U.S.S.G. § 3B1.2, cmt. n.2., and the defendant played a mitigating role. According to the application notes, a "'participant' is a person who is criminally responsible for the commission of the offense, but need not have been convicted." U.S.S.G. § 3B1.1, cmt. n.1; U.S.S.G. § 3B1.2, cmt. n.1 (adopting definition provided in § 3B1.1). Thus, "an adjustment under this guideline may not

apply to a defendant who is the only defendant convicted of an offense unless that offense involved other participants in addition to the defendant and the defendant otherwise qualifies for such an adjustment." *Id.*

A defendant is considered a minimal participant—entitled to a 4-level reduction—if she is "plainly among the least culpable of those involved in the conduct." U.S.S.G. § 3B1.2 cmt. n.4. Among the least culpable are those who lack knowledge or understanding of the scope and structure of the enterprise and of the activities of others. *Id.* By comparison, a minor role adjustment of 2 points is appropriate if the defendant is "substantially less culpable than the average participant," but whose role could not be described as minimal. U.S.S.G. § 3B1.2, cmt. n.3(A) & n.5; *United States v. Haynes*, 582 F.3d 686, 709 (7th Cir. 2009). If a defendant falls between minimal and minor, a reduction of 3 points is appropriate. U.S.S.G. § 3B1.2.

The defendant bears the burden of demonstrating, by a preponderance of the evidence, that she is entitled to a role reduction. *Haynes*, 582 F.3d at 709. The Court must evaluate the Defendant's role "in context of the other participants in the scheme, keeping in mind that a minor [or minimal] player is substantially less culpable than the average participant, not the leaders. *United States v. Leiskunas*, 656 F.3d 732, 739 (7th Cir. 2011) (citing *United States v. Sorich*, 523 F.3d 702, 717 (7th Cir. 2008)); *see also United States v. Gallardo*, 497 F.3d 727, 741 (7th Cir. 2007) (holding that when assessing whether a defendant is entitled to a role reduction, her role "should be compared to that of the average member of the conspiracy, not with the leaders"). Drug couriers are neither automatically entitled to nor precluded from receiving a role reduction under § 3B1.2 *Leiskunas*, 656 F.3d at 739; *United States v. Saenz*, 623 F.3d 461, 468 (7th Cir. 2010). In fact, couriers play an important role in the drug distribution

scheme. *United States v. Rodriguez-Cardenas*, 362 F.3d 958, 960 (7th Cir. 2004); *United States v. Hamzat*, 217 F.3d 494, 498 (7th Cir. 2000).

Here, the other participants to whom the Defendant compares her participation in the drug operation are Raule Gonzalez (Ru Ru), Bernardo Gonzalez (Rob), and Victor Villanueva Jr. "The involvement of even one other participant in the criminal activity is sufficient to trigger eligibility under § 3B1.2." *United State v. Williams*, 312 F. Supp. 2d 945, 949 (E.D. Wis. 2004); U.S.S.G. ch. 3, pt. B, introductory cmt. ("When an offense is committed by more than one participant, § 3B1.1 or § 3B1.2 (or neither) may apply."); U.S.S.G. § 3B1.2, cmt. n.1 & n.2. According to the Defendant, her participation was limited to removing a package from a shipping parcel and bringing it to Ru Ru in the alley behind her rented home. The Defendant admitted that she had completed this task on one prior occasion. Ru Ru is the person locally to whom the Defendant was hired to deliver the package of methamphetamine. Rob is the California supplier of the methamphetamine. Villenueva is a well known drug dealer in the Fort Wayne area who would ultimately receive the package.

When all the relevant conduct is considered, *see* U.S.S.G. ch. 3, pt. B, introductory cmt., Ru Ru, Rob, and Villanueva are criminally responsible for the commission of the offense, and thus, are participants within the meaning of § 3B1.2. However, Rob, as the supplier of the methamphetamine, appears to be one of the leaders of the drug distribution organization, and thus not an average participant. It would be improper to compare the Defendant to Rob. Likewise, if Villenueva was the Fort Wayne distributor, then he was also a leader and does not provide the proper comparison. The Court finds that Ru Ru is most likely an average participant in a drug operation that involves shipment of methamphetamine through the postal service from

California to Indiana for distribution in Fort Wayne. Thus, the Defendant must establish that she is substantially less culpable than Ru Ru, must show that she lacked knowledge or understanding of the scope and structure of the enterprise and of the activities of others, or otherwise show that she was plainly among the least culpable of those involved to receive the minimal role adjustment.

According to the evidence in the record, the Defendant made several inquiries to the post office regarding the delivery of the package and used a fictitious name to identify herself. The Defendant admitted that she was told the package would contain either cocaine or methamphetamine, that she would be paid $500 for accepting the package and keeping it until Ru Ru picked it up, and that she had done this once before for the same people. After the package was delivered, Ru Ru and Rob called the Defendant several times. Rob told the Defendant to put the package away and go for a walk because it was ugly around her house. Rob also asked the Defendant if she had Villenueva's phone number. When she responded that she did not, she offered to take the package to his body shop. Rob told her to "put it up and leave." Ru Ru did not retrieve the drugs because Rob had become suspicious that the police were involved.

Based on the foregoing, the Defendant is not entitled to a 4-level reduction. The Defendant was aware that a package from California would be arriving by mail at her address, knew the identity of the real sender, and knew that it was supposed to contain cocaine or methamphetamine. She was responsible to hold the package until Ru Ru arranged to pick it up. She also appeared to know to whom the drugs would be delivered after Ru Ru took them from her. The Defendant argues that she only stood to receive $500, while the other stood to split

4

$25,000, but she has no reliable evidence concerning Ru Ru's or any other average participant's portion of any drug proceeds, or of Ru Ru's level of involvement in the offense after taking the package to Villenueva. Ru Ru was another intermediary courier between Rob and Villenueva, and thus served a similar purpose to the Defendant. The Defendant has not established, by a preponderance of the evidence, that she lacked knowledge or understanding of the scope and structure of the enterprise and of the activities of others, or that she was substantially less culpable than its average members.

The record, however, is sufficient to find that the Defendant is entitled to some reduction in her offense level for her mitigating role. Even though Ru Ru served a similar role as the Defendant, his involvement was more extensive that the Defendant's. Ru Ru clearly gave direction to the Defendant, even if he was also being directed by leaders, while the Defendant appeared to have little decision-making authority herself and did not give direction to any other participants. Other than her telephone calls to the post office to keep track of the delivery date, the Defendant did not take initiative or control of the operation. Ru Ru ultimately determined, in consultation with Rob, when he would get the package from the Defendant. The Court finds, based on the totality of circumstances, that the facts of this case support a 3-level reduction in the Defendant's offense level.

## CONCLUSION

For the reasons stated above, the Court OVERRULES IN PART and GRANTS IN PART the Defendant's Objection to the PSR calculation of her mitigating role in the offense. The Court finds that the Defendant is entitled to a 3-level reduction in her offense level pursuant to

U.S.S.G. § 3B1.2. Based on this finding, the Defendant's modified base offense level is 23.

SO ORDERED on July 6, 2012.

s/ Theresa L. Springmann  
THERESA L. SPRINGMANN  
UNITED STATES DISTRICT COURT